# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE DARDEN,<br><br>Plaintiff,<br><br>v.<br><br>MOHAMMAD ARAIN, M. D.,<br><br>Defendant.<br>_____________________________/ | CASE NO. 1:12-cv-00663-SKO PC<br><br>FIRST SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 1)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**First Screening Order**

## I. Screening Requirement and Standard

Plaintiff Geraldine Darden, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 26, 2012. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Discussion

### A. Allegations

Plaintiff is incarcerated at Central California Women's Facility in Chowchilla, California, and she brings this action against Mohammad Arain, M.D., a surgeon at Madera Community Hospital, for violating her rights under the Eighth Amendment of the United States Constitution. Plaintiff seeks compensatory and punitive damages.[1]

Plaintiff was referred to Defendant Arain by her primary care physician following the detection of a lump in her left breast. During the consultation, Plaintiff informed Defendant of her past cancer-related medical history and her family history of cancer, and they agreed that she would have a lumpectomy.

---

[1] The Court assumes without deciding that Defendant Arain acted under color of law as a state contract provider. See e.g., Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S.Ct. 924 (2001); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 954-55 (9th Cir. 2008).

On November 22, 2011, Plaintiff signed pre-surgery instructions and on November 23, 2011, the day of surgery, she signed the consent form for a lumpectomy. After surgery, Defendant informed Plaintiff that the mass was definitely cancerous. A pathologist was present during the surgery, and Defendant told Plaintiff that he and the pathologist had seen this type of cancer before and her only chance of survival lay in a modified radical mastectomy. Plaintiff agreed to the mastectomy but she shortly thereafter had second thoughts and requested a written pathology report. However, it had not yet been written because the tissue sample had not yet been tested.

Plaintiff declined the first scheduled mastectomy because she did not want to rely solely on the surgical diagnosis, and she requested to see an oncologist. On November 24, 2011, Plaintiff was seen by Dr. Shaikn, a hematologist/oncologist. (Ex. G, court record p. 16.) Plaintiff requested a CT scan, which was performed. The results showed several areas of concern and because Plaintiff believed the CT scan showed metastatic cancer, she canceled the next scheduled mastectomy and told Defendant she needed to speak with her family.

Plaintiff requested copies of her medical records from the prison on November 28, 2011, and she was provided copies on January 5, 2012.

Plaintiff alleges that she noticed several inconsistencies in that one pathology report states that a partial excision of the mass occurred while another states that the entire mass was excised but she appeared to have mass involving the pectoralis muscles. (Exs. H, I.) Plaintiff alleges that the latter implies there were two tumors while the former indicates that only a portion of a tumor was removed. Plaintiff also alleges that Defendant stated she had palpable lymph nodes on both axillae, but when thirteen axillary left lymph nodes were removed, none was cancerous. (Exs. J, K.) In addition, Plaintiff alleges that one report states the mass broke during removal while also stating that there were no complications. (Ex. I.)

Plaintiff alleges that her most recent mammogram and ultrasound, in conjunction with all the facts, including conflicting medical reports, demonstrates that Defendant acted with deliberate indifference to her medical needs by failing to perform the surgery she agreed to: a full lumpectomy.

///

///

**B. Discussion**

**1. Legal Standard**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [her] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may

be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

**2. Findings**

Without question, Plaintiff had a serious medical need in that she had a suspicious lump in her breast, and she was referred to Defendant Arain as a result. Wilhelm, 680 F.3d at 1122; Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). At issue is whether Plaintiff's allegations support a claim that Defendant was deliberately indifferent to Plaintiff's medical needs relating to the lumpectomy he performed on November 23, 2011. The Court finds that they do not, for the following reasons.

Deliberate indifference requires a showing that Defendant knowingly disregarded an excessive risk of harm to Plaintiff's health. Farmer, 511 U.S. at 837. In this case, Plaintiff is basing her belief that misconduct occurred on her parsing of language from her medical records, a belief for which the Court can find no reasonable support. Plaintiff undisputably underwent a lumpectomy in that a mass was surgically removed from her left breast, which was the planned course of action. Plaintiff's medical records also indicate an additional mass involving the pectoralis muscles, which may or may not have affected the choice of terminology between reporting physicians. Further, the report in which the term "partial excision" was used is the pathology report, which stated, "The specimens represent a partial excision of the tumor mass." (Ex. H, court record p. 17.) In any event, even assuming Plaintiff is correct that there exist two reports which contradict each other regarding the degree of tumor excision, there is no support for a reasonable inference that this contradiction evidences deliberate indifference on the part of Defendant.

In addition, the mammogram and ultrasound referred to by Plaintiff were conducted prior to the surgery in question and it is entirely unclear why she believes they support any sort of finding of misconduct. (Exs. L, M.) Further, the fact that Plaintiff's lymph nodes turned out not to be cancerous provides no basis for a reasonable inference that Defendant wrongfully determined that they were enlarged and needed to be removed. Even assuming Defendant erred, a finding which is not supported by the record, an Eighth Amendment claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Finally,

documentation in the report both that the mass broke apart during surgery and that there were no complications does not support a claim of deliberate indifference.

**III. Conclusion and Order**

The Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Based on the nature of the deficiencies in Plaintiff's claim against Defendant Arain, the Court finds that dismissal without leave to amend is appropriate. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

As previously stated, Plaintiff unquestionably had a serious medical need and the Court is sympathetic to Plaintiff in that she is dealing with very serious health issues and difficult decisions. However, the complaint is devoid of any grounds which would support a reasonable inference that Defendant Arain, in performing the lumpectomy on November 23, 2011, knowingly disregarded a substantial risk of harm to Plaintiff's health. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Even if the complaint suggested negligence on the part of Defendant Arain, which it does not, an Eighth Amendment claim would not lie. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); Toguchi, 391 F.3d at 1060.

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim under section 1983. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

**Dated: October 25, 2012**

**/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE