# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE DARDEN, | CASE NO. 1:12-cv-00663-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE, AND DENYING MISCELLANEOUS MOTION |
| v. | |
| MOHAMMAD ARAIN, M. D., | (Docs. 13 and 14) |
| Defendant. | |

**Order Denying Motion for Reconsideration and Miscellaneous Motion**

Plaintiff Geraldine Darden, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 26, 2012. On November 13, 2012, Plaintiff filed a motion seeking reconsideration of the order screening her complaint and dismissing the action, with prejudice, for failure to state a claim under section 1983. 28 U.S.C. § 1915A. On December 14, 2012, Plaintiff filed a motion entitled "Motion to Add Legal Principle; 'Res Judicata.'"

**I.     Motion for Reconsideration**

    **A.     Legal Standard**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion,

///

or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

**B.    Discussion**

Plaintiff disagrees with the Court's decision and she seeks reconsideration of the screening order dismissing the action. In screening Plaintiff's complaint, the Court carefully considered Plaintiff's allegations, construed the allegations liberally in light of Plaintiff's pro se prisoner status, and explained in a detailed order why the complaint failed to state a claim under section 1983 for violation of the Eighth Amendment. The Court is mindful that leave to amend should be granted unless it is clear that the deficiencies cannot be cured through amendment, Akhtar v. Mesa, 698 F.3d 1202, 1213 (9th Cir. 2012), but courts may dismiss without leave to amend if they conclude that the deficiencies are not curable, Silva v. Di Vittorio, 658 F.3d 1090, 1105-06 (9th Cir. 2011). While the Court greatly sympathizes with Plaintiff's medical situation and it concluded that she had an objectively serious medical need, Plaintiff's factual allegations do not support a claim against Defendant Arain for acting with deliberate indifference to that serious medical need. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012). Even if Defendant Arain was negligent during the surgery he performed, a finding which is not supported by the record, a section 1983 claim will not lie. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); Snow, 681 F.3d at 987; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is reserved for extraordinary circumstances. Westlands Water Dist., 134 F.Supp.2d at 1131; see also In re

1  Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989) (Rule 60(b)(6) may provide relief
2  where parties were confronted with extraordinary circumstances but it does not provide a second
3  chance for parties who made deliberate choices).  Plaintiff's disagreement with the Court's decision
4  is not grounds for reconsideration, and her motion for reconsideration and an opportunity to amend
5  is denied, with prejudice.

6  **II.    Miscellaneous Motion**

7       The doctrine of res judicata bars the re-litigation of claims previously decided on their merits.
8  Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005).  Plaintiff's motion
9  relating to res judicata does not seek any recognizable form of relief, and as it is not clear to the
10 Court what relief Plaintiff is attempting to obtain, the motion must be denied.

11 **III.   Order**

12      Based on the foregoing, it is HEREBY ORDERED that:

13      1.    Plaintiff's motion for reconsideration and an opportunity to amend, filed on
14            November 13, 2012, is DENIED, with prejudice; and
15      2.    Plaintiff's miscellaneous motion, filed on December 14, 2012, is DENIED.

18 IT IS SO ORDERED.

19 **Dated:    December 21, 2012**             /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE